(Opinion published 52 N. W. Rep. 894.)

---

WILLIAM MILLER *et al. vs.* JAMES STODDARD *et al.*

Argued June 1, 1892. Decided June 22, 1892.

**Mechanics' Liens Subject to Unrecorded Mortgage.**

> The owner of a lot which was subject to an unrecorded mortgage con-tracted for the construction of a building upon the premises. After materials had been furnished for the construction of the building, but before the claims for liens therefor had been filed, the mortgage was placed on record. *Held,* that the recording act (1878 G. S. ch. 40, § 21) imposes *no obligation upon a mortgagee to record his mortgage, as against* mechanics' liens.

### Same—Facts Considered.

> But even if that statute could be held to apply to such cases, the lien claimants in this case would not come within the protection of its provisions, because — *First*, their liens were not filed until after the mortgage was recorded; and, *second*, there was no evidence that they did not have actual notice of the mortgage when they furnished the material. *Held, also,* that, in the absence of any provision to that effect in the lien law, a mechanic's lien cannot be preferred to a prior unrecorded mortgage, unless in cases where, upon general equitable principles, the mortgagee would be estopped by his conduct from asserting the lien of his mortgage, as against the other lien claimants.

Appeal by defendants Henry M. Little and Esther B. Little, from an order of the District Court of Hennepin County, *Hooker,* J., made November 3, 1891, denying their motion for a new trial.

Esther B. Little owned the west sixty-five (65) feet in width of lots thirteen (13) and fourteen (14) in block two (2) in Nicollet Avenue Addition to Minneapolis, and on May 13, 1890, she sold the property to her son Henry M. Little for $2,000. The deed was duly recorded on that day, and he at the same time gave his mother a mortgage on the property to secure the payment of the whole purchase price. The mortgage was not recorded until November 22, 1890.

Meantime the son on May 19, 1890, borrowed of the defendant the North Side Building and Loan Association $1,500, and gave to it a mortgage on the property to secure its payment, which mortgage was recorded June 6, 1890.

Henry M. Little made a contract about June 1, 1890, with James Stoddard to furnish all materials for and build a house on this real estate for $2,440, which sum he paid Stoddard therefor. He and his neighbor Henry L. Shepard soon after made another contract with Stoddard to build a barn partly on the property of each. Stoddard bought material and employed workmen and completed his contracts, but failed to pay the creditors, and they filed liens upon the property. The plaintiffs William Miller and David Allen supplied a furnace for the house and filed a lien and brought this action to foreclose it, making the mortgagees and all lien claimants parties defendant. The lien statements were not filed for record until after Mrs. Little's mortgage was recorded. The trial court held that the liens

were prior incumbrances to be paid before Mrs. Little's mortgage, and that one-half the amount of the lien for materials for the barn should be paid out of the proceeds of the foreclosure sale. The trial court also directed that two separate sales of the property be made; one to pay plaintiffs' lien which was held to be prior to the Loan Association's mortgage; the other sale to be made to pay the other mechanics' liens, but subject to the Loan Association's mortgage. Mrs. Little and her son moved for a new trial, and being denied, appealed. She assigned as error that the payment of her mortgage was postponed until the liens were first paid; the son, that the liens for the barn materials were not divisible, and if divisible, were not properly apportioned, and that only one sale should be made.

*C. J. Cahaley,* for appellants.

*Ueland & Holt; Reed & Kerr* and *Willis A. McDowell,* for respondents.

MITCHELL, J. This may be termed the companion case of that of the same plaintiffs against Shepard and others, *ante,* p. 268, (52 N. W. Rep. 894,) just decided, to the statement of facts in which, as far as it goes, reference may be made for the facts in this case.

This action was brought to enforce a lien for labor and material performed and furnished to the contractor, Stoddard, for the erection of the "Little" house. The defendants Esther B. Little and the North Side Building & Loan Association were mortgagees of the premises. The other defendants, Frazer & Shepard and Smith & Co., were lien claimants for material also furnished to Stoddard,—the former for the house, and the latter for both the house and the barn. As the building and loan association took no appeal, and is not made a party to this appeal, the correctness of the decision of the trial court as to the rank or position of the lien of its mortgage is not before us, and cannot be considered. The answer of Smith & Co., and the evidence in support of their claims, is substantially the same as in the *Shepard Case,* and what was said there is equally applicable here. There is the same failure to show what part or proportion of the material furnished for the barn entered into the construction of that part of it situated on the "Little" lot.

2. The principal question in the case is as to the rights of Esther B. Little under her mortgage. The lot on which the buildings are situated formerly belonged to her. On May 13, 1890, before any contract was made with Stoddard, and before any work had been done or materials furnished for the buildings, and consequently before any of the liens of the respondents had attached, she conveyed the lot to Henry M. Little, and at the same time took back a mortgage from him on the premises. It does not appear whether the deed to Henry M. Little has ever been recorded, but it does appear, and is so found, that the mortgage to Esther B. Little was not recorded until November 22, 1890, which was after all of the respondents had furnished the material for the buildings, but before any of them had filed their claims for liens. The trial court held that the liens of the respondents were superior to that of Mrs. Little's mortgage, on the ground, as we presume, that it was not recorded until after respondents had furnished the material, and consequently after their liens therefor had attached.

Appellants' counsel rests the claim of priority for the mortgage mainly on the ground that as appears, or at least as they offered to prove, it was given for the purchase money of the lot. Under the facts, we do not see that this, even if true, is at all material. What counsel has in mind, and all that the cases cited by him hold, is that where the interest of a vendee, in possession under an executory contract of sale, has become subject to a lien for material or labor furnished or performed for him for the construction of a building thereon, and subsequently the vendor, in performance of the executory contract, executes a conveyance to the vendee, and at the same time takes back a mortgage for the unpaid purchase money, the mechanic's lien will not displace or take precedence of the mortgage, which is but a continuation in another form of the vendor's lien. But in the present case Mrs. Little's mortgage, in point of time, in fact antedated the liens of the respondents. Hence the only question is whether, notwithstanding that mortgage was first in time, the liens of the material men should be given precedence, because at the time they attached the mortgage had not been recorded. We have approached this question with a desire, in the in-

terests of apparent justice, to give the mechanics' liens the precedence, if it could be done consistently with legal principles; but we have been unable to find anything, in the lien law or elsewhere, that would justify us in doing so. It cannot be done by virtue of the statute relating to the registration of conveyances, for two reasons: *First*, under that statute (1878 G. S. ch. 40, § 21) there is no obligation resting on a mortgagee to record his mortgage as against mechanics' liens. Its provisions do not apply to or extend to such liens. In the absence of any statute on the subject, we are relegated to the common law, by which a registry was not required, and would be unavailing for any purpose; the law imposing upon every one the burden of ascertaining, at his peril, the actual condition of the title. *Oliver* v. *Davy*, 34 Minn. 292, (25 N. W. Rep. 629;) *Rose* v. *Munie*, 4 Cal. 173.

But even if the recording act could be held to apply to mechanics' liens, the facts of this case would not bring the respondents within the protection of its provisions—*First*, because their claims for liens were not filed until after the recording of Mrs. Little's mortgage; and *second*, because there is neither evidence nor finding that the respondents did not have notice of the mortgage when they furnished the material for the buildings. The lien law is equally defective in not making any provision for such cases. Had the statute contained the provisions, found in many of the lien laws of other states, to the effect that mechanics' liens shall be preferred to any mortgage or other incumbrance, of which the lienholder had no notice, and which was unrecorded at the time such liens attached, all difficulty would have been avoided. But our statute contains no such provision. It merely provides that the claim of the laborer or material man shall be a lien "on the right, title, and interest of the owner in the land." There is no chance for giving respondents' liens a preference, under Laws 1889, ch. 200, § 5, for that section expressly excepts *bona fide* prior mortgagees. Under this state of the law, we see no way by which the decision of the trial court can be sustained giving the respondents' liens a preference over the Little mortgage. Of course, there may be cases where the holder of the unrecorded mortgage might be estopped by his conduct from asserting it as against lien

claimants, but no such state of facts appears here. It is surprising, in view of all that has been said by the real or pretended friends of labor as to the importance of a lien law, that a carefully prepared statute on the subject has never been gotten up. Most of the enactments have been crude and imperfect affairs, often including some drastic provisions in utter disregard of the rights of owners and mortgagees, but at the same time lacking some very important provisions necessary for the proper protection of mechanics and material men. Many of their provisions have also often been so obscure and ambiguous that their construction involved much litigation, the cost of which usually falls on the very class for whose benefit such statutes are designed. The result has been that the courts have been often blamed for not doing what they have no power to do, but what the legislature ought to have done, viz., to enact a better law.

Inasmuch as the case was evidently tried and decided upon a wrong theory of the law, we shall merely order a new trial of the issues between respondents and Esther B. Little, instead of directing judgment in her favor upon the present findings.

3. The court below held that plaintiffs' lien was superior, and the liens of the other respondents inferior, to the mortgage of the building and loan association, and ordered two sales of the property,— one subject to the lien of that mortgage, and the other free of all incumbrances, including that mortgage. This is assigned as error. As the building and loan association is not a party to this appeal, of course nothing can be done that would affect its rights under the decision of the trial court; but inasmuch as in any event there has to be a sale of the entire property free of the lien of the mortgage, its rights will not be affected by a modification of the order of the court directing two sales. Two sales of the property are wholly unnecessary, and will only lead to confusion worse confounded. There should be but one sale, and that of the entire property, and the proceeds distributed among all lienholders, including the building and loan association, according to their priority.

For the reason already suggested, the correctness of the decision of the district court as to order of priority of respondents' liens, either as between themselves or as to the building and loan

association, is not involved in this appeal. It may be remarked, however, that if our statute contained a provision similar to that found in many other states, as, for example, California, (Code Civil Proc. § 1186,) it would obviate a very embarrassing question, which might have been raised in this case, and which was somewhat discussed in *Finlayson* v. *Crooks,* 47 Minn. 74, (49 N. W. Rep. 398, 645.)

Order reversed, and new trial ordered as to the second claim of Smith & Co., (material for the barn,) and also as to the issues between the respondents and the appellant Esther B. Little.

(Opinion published 52 N. W. Rep. 895.)

An application for reargument denied July 8, 1892.