JOHN NOERENBERG *vs.* CHRISTINA G. JOHNSON *et al.*

Argued July 7, 1892. Decided Aug. 29, 1892.

**Mechanics' Liens—Priority of Unrecorded Mortgage.**

*Miller* v. *Stoddard*, 50 Minn. 272, followed, as to the priority of a *bona fide* unrecorded mortgage on real property over a mechanic's lien.

Appeal by plaintiff, John Noerenberg, and by defendants John Boldthen, Henry Pintz, John Helland, Phillipe Therrier, Adam Decker, George Decker, Paul Quehl, Frank E. Elmund, Gustav Carlson, Roland C. Libby, and William Thompson, from a judgment of the District Court of Ramsey county, *Brill*, J., entered March 10, 1892, adjudging the mortgage of defendant John L. Barnes to be a lien on the real estate therein described, superior to the liens of the appellants.

September 8, 1890, John L. Barnes was the owner of lot 10, Block 1, Bryant's Park Addition No. 3, in St. Paul, Minnesota. On that date he conveyed the lot to Christina G. Johnson, and at the same time Christina G. Johnson executed and delivered to Barnes a mortgage on the lot to secure part of the purchase money. The mortgagee, Barnes, signed the mortgage as a witness, and there was but one other subscribing witness to the mortgage. The deed was recorded October 22, 1890, and the mortgage September 29, 1890. The appellants, in October, 1890, and thereafter, furnished material and performed labor in the erection of two dwelling houses on the premises. None of them had actual notice of the mortgage to Barnes.

This action was brought to foreclose one of the mechanics' liens for work done on, and material furnished for, the houses. Barnes was made a defendant. The trial court adjudged the mortgage to Barnes, though not recorded, superior to the liens, and ordered the premises sold, subject to the mortgage.

*Stringer & Seymour*, for appellants R. C. Libby & Co.

If liens for labor and material are not superior to secret and unrecorded mortgages or conveyances, the law opens the door not only to hardship, but to actual fraud.

1878 G. S. ch. 40, § 21, provides that every conveyance not recorded shall be void as against any subsequent purchaser in good faith, and for a valuable consideration, whose conveyance is first duly recorded.

Section 25, provides that the term purchaser shall be construed to embrace every person to whom any estate or interest in real estate is conveyed for a valuable consideration. Section 26, provides that the term conveyance shall be construed to embrace every instrument in writing by which any estate or interest in real estate is created, aliened, mortgaged, or assigned, or by which the *title to any real estate* may be affected in law or equity.

Mechanics' liens are not here referred to in express terms; that is not necessary. The registry acts are interpreted according to the general intention of the legislature, rather than according to the

strict language. *Lamberton* v. *Merchants' Nat. Bank*, 24 Minn. 281; *Dyer* v. *Thorstad*, 35 Minn. 534. The cases of *Conter* v. *Farrington*, 46 Minn. 336, and *Hill* v. *Aldrich*, 48 Minn. 73, assume that mechanics' liens are within the spirit of, and are protected by, the recording acts. We claim that a mechanic's lien is also within the letter of the registry acts. Why is it not a conveyance, as much as is a release? *Palmer* v. *Bates*, 22 Minn. 532. As a matter of fact a mechanic's lien is in the nature of a statutory mortgage. It has all the elements of a mortgage. It may also be spoken of as an attachment. *Atwater* v. *Manchester Savings Bank*, 45 Minn. 341.

The cases upon the converse of this proposition are from New York, where the policy with reference to the registry act is diametrically opposed to that in this state. *Farmers' Loan & Trust Co.* v. *Hendrickson*, 25 Barb. 484; *Stevens* v. *Buffalo & N. Y. City R. Co.*, 31 Barb. 590.

*Walter L. Chapin*, for the other appellants.

Mechanics' liens are within the spirit and letter of the recording act. *Oliver* v. *Davy*, 34 Minn. 292; *Conter* v. *Farrington*, 46 Minn. 336.

Mechanics' lienors are, as to such liens, *bona fide* purchasers for value under the statute. 1878 G. S. ch. 40, §§ 21, 25, 26. They have parted with value on the faith of the recorded title, in which respect they stand in a different position from judgment creditors or attaching creditors. *Holden* v. *Garrett*, 23 Kan. 98. The recording acts should be held to protect all instruments of whatever nature, affecting land which one obtains for a valuable consideration. There is no way to construe the mechanic's lien law which will make it safe for parties to act on the faith of it, unless such liens are protected from unrecorded conveyances or incumbrances.

*William Foulke*, for respondent.

Under our recording act, an unrecorded mortgage must be regarded as taking precedence over mechanics' liens. Before the statute

was changed so as to expressly protect judgment and attaching creditors, an attaching creditor was held not a *bona fide* purchaser. *Greenleaf* v. *Edes*, 2 Minn. 264, (Gil. 226;) *Baze* v. *Arper*, 6 Minn. 220, (Gil. 142;) *Dunwell* v. *Bidwell*, 8 Minn. 34, (Gil. 18.) In order to construe the statute so as to cover mechanic's lien creditors, it must be held that a mechanic's lien is a conveyance; that a mechanic's lien claimant is a purchaser in good faith. That this is not the law, the following authorities show: *Holden* v. *Garrett*, 23 Kan. 93; *Kelly* v. *Mills*, 41 Miss. 267; *Stilwell* v. *McDonald*, 39 Mo. 282; *Pixley* v. *Huggins*, 15 Cal. 127; *First Nat. Bank* v. *Hayzlett*, 40 Iowa, 659; *Oliver* v. *Davy*, 34 Minn. 292; *Munger* v. *Curtis*, 42 Hun, 465; *Payne* v. *Wilson*, 11 Hun, 302; *Miller* v. *Stoddard*, 50 Minn. 272.

PER CURIAM. Action to foreclose a mechanic's lien, in which other lien claimants were among the defendants. All of these liens were subordinated to that of a mortgagee in the court below. The facts were that defendant Barnes sold and conveyed the lot in question to defendant Johnson on September 8, 1890, taking a mortgage to secure part of the purchase price. Through inadvertence, the mortgagee, Barnes, subscribed his name as one of the attesting witnesses to the execution and delivery of this instrument, and there was but one additional witness. The mortgage was spread upon the records in this condition, September 29, and the deed was duly recorded October 22, 1890. All of the parties acted in good faith, and none of those who performed work and labor or furnished materials had actual knowledge of the mortgage. Passing over the contention of counsel for respondent mortgagee, that on the face of the instrument itself it did not appear that one of the parties had signed it as an attesting witness, and hence that the record of the same was not void, so that the lien claimants could take advantage of the fact,—*Bank of Benson* v. *Hove*, 45 Minn. 40, (17 N. W. Rep. 449,) being cited,—and thereby assuming that the only question before us is whether an unrecorded *bona fide* mortgage is superior to the liens of mechanics and material men in ignorance of the unrecorded rights of a mortgagee, the judgment will have to be affirmed. We have exam-

ined with care the well-prepared briefs of appellants' attorneys, and have had the benefit of oral argument, but our views on the subject, as recently expressed in *Miller* v. *Stoddard,* 50 Minn. 272, (52 N. W. Rep. 895,) remain unchanged.

Judgment affirmed.

(Opinion published 52 N. W. Rep. 1069.)