(Opinion published 56 N. W. Rep. 59.)

———————

WILLIAM MILLER *et al.* vs. JAMES STODDARD *et al.*

Argued July 5, 1893. Decided Aug. 28, 1893.

**The Facts Stated.**

Action to foreclose mechanics' liens. The several liens are represented as follows: (1) A senior mortgage for $2,000, given for the purchase price of the land in May, but not recorded until November, and not yet mature. (2) Various subcontractors' mechanics' liens for construction of a house, and barn appurtenant thereto, under two separate contracts with the owner,—one for the construction of the house, and the other for the construction of the barn. Such contracts, and all that was done thereunder, were subsequent to the giving of the senior mortgage. (3) A second mortgage for $1,500, given after the visible commencement of the construction of the house, and after the delivery of some of the materials for the construction of the barn. This mortgage was recorded before the recording of the senior mortgage. *Held:*

**Order of Incumbrances—Senior Mortgage.**

The senior mortgage is the superior lien, except in so far as it has lost its priority by neglect to record the same.

**Same—Junior Mortgage.**

By force of the registry law, the junior mortgage acquired precedence over the senior.

**Same—Mechanics' Liens.**

The registry law is inapplicable to affect the priority of mechanics' liens. Hence, as between the senior mortgage, although unrecorded, and the mechanics' liens, the former is the prior and superior lien.

**Liens Superior to the Second Mortgage.**

But, as between the mechanics' liens and the second mortgage, the former constitute the superior liens. *Gardner* v. *Leck*, 52 Minn. 522, and *Glass* v. *Freeberg*, 50 Minn. 386, followed.

**All Mechanics' Liens Co-ordinate.**

All the mechanics' liens are co-ordinate and without priority among themselves, although they accrued in the performance of separate contracts; the whole improvement being, in its nature, an entirety.

**Rule of Distribution Stated.**

Following *Malmgren* v. *Phinney*, 50 Minn. 457, the rule of distribution of the proceeds on a sale of the property is as follows: *First.* Take out the amount of the senior mortgage, and from that amount pay the junior mortgage, and then apply the remainder of that amount to satisfy, *pro tanto*, the senior mortgage. *Second.* The remainder of the proceeds are to be applied, as far as they will go, to satisfy the several classes of liens in the following order: (1) The several mechanics' liens, *pro rata;* and (2) the remainder of the senior mortgage. Whatever may remain will be paid to the owner.

**Sale although the Prior Mortgage not Due.**

The senior mortgagee having neglected to record her mortgage, and the complication of rights above stated having resulted, so that the property cannot be sold subject to the senior mortgage without interfering with the rights of others, the holder of the senior mortgage is precluded from resisting a foreclosure sale of the entire property to satisfy all the liens in their proper order, although her mortgage is not yet mature.

Appeal by plaintiffs, William Miller and David Allen, from a judgment of the District Court of Hennepin County, *Thomas Canty,* J., entered March 7, 1893. Defendants, Peter V. Fraser, N. T. Shepherd, C. A. Smith, J. S. Pillsbury, Esther B. Little, Henry M. Little, and North Side Building & Loan Association, also appealed. In a former appeal, reported 50 Minn. 272, the facts in this case are stated. They were not materially altered upon the second trial.

*Sawyer & McDowell,* for plaintiffs.

*Reed & Dougherty, Uland & Holt, C. J. Cahaley,* and *E. E. Witchie,* for defendants.

DICKINSON, J. A former appeal in this action is reported in 50 Minn. 272, (52 N. W. Rep. 895.) From the judgment entered after a second trial, appeals have been taken by the plaintiffs, Miller & Allen, and by the defendants Esther B. Little, Fraser & Shepherd, C. A. Smith & Co., and the North Side Building & Loan Association. A brief statement of the case may be here made.

Esther B. Little and the North Side Building & Loan Association are mortgagees of the property in question, which consists of the west sixty-five (65) feet of two lots in the city of Minneapolis. The other appellants have acquired mechanics' liens on the property as subcontractors under Stoddard, who, under contract with the owner, Henry M. Little, constructed a house, and a part of a barn appurtenant thereto, on the same premises.

Mrs. Little conveyed the premises to Henry M. Little, May 13, 1890, at the same time taking from him a mortgage on the same property to secure the payment of the purchase price, $1,999, payable five years thereafter. This mortgage was not recorded until November of that year. May 29, 1890, Henry M. Little entered into a contract with Stoddard for the construction of a house by the latter on this land. Stoddard entered upon the performance of his contract, and by the 2d day of June the foundation of the house was completed. Prior to June 4th, Little entered into another contract with Stoddard, for the erection by him of a barn, which was to be partly—and more than half of which was—on the same premises, and which was appurtenant to the house. Before the giving of the mortgage, as hereafter stated, to the North Side Building & Loan Association, and before the recording of Mrs. Little's mortgage, the parties claiming mechanics' liens other than Fraser & Shepherd, had contributed material and labor on the ground, both for the construction of the house and the barn. Fraser & Shepherd commenced delivering material on the 11th of June. The structures were completed. Lien statements were filed by these claimants, but not until after the recording (in November) of Mrs. Little's mortgage.

June 6, 1890, Little executed the mortgage above referred to, of the same premises, to the North Side Building & Loan Association,

for the sum of $1,500, which mortgage was then recorded. This mortgage ·was taken in good faith, the mortgagee having no notice or knowledge of the prior and unrecorded mortgage to Mrs. Little.

The judgment appealed from directs the property to be sold, and the proceeds to be distributed between these parties in a particularly designated order and manner. There is some controversy as to the precise meaning or effect of the judgment, but while, in our view of the case, it must be modified in some respects, it will not be necessary to here refer to its particular provisions; the simplest way being to indicate our conclusion as to the rights of these parties, and direct the judgment appealed from to be made conformable thereto.

1. Mrs. Little's mortgage was the first, and is the superior, lien, except in so far as it may be rendered subordinate, by the operation of the registry law, because of her failure to record the same. This was decided on the former appeal in this action, as between the parties thereto. *Miller* v. *Stoddard*, 50 Minn. 272, (52 N. W. Rep. 895.)

2. By the force of the registry law, the second mortgage,—to the North Side Building & Loan Association,—being first recorded, acquired precedence over the prior mortgage, and is entitled to be first paid out of the proceeds of the sale of the property.

3. The registry law is inapplicable, as respects mechanics' lien claimants, and the failure of Mrs. Little to record her mortgage gave such claimants no superiority over the prior mortgage. As between themselves, their respective liens stand in the order in which they first attached to the property; the purchase-money mortgage being first, and mechanics' liens second, in the order of precedence. *Miller* v. *Stoddard, supra.*

4. But, as between the mechanics' lien claimants and the second mortgage, the former have the preference. The decisions in *Gardner* v. *Leck,* 52 Minn. 522, (54 N. W. Rep. 746,) and in *Glass* v. *Freeberg,* 50 Minn. 386, (52 N. W. Rep. 900,)—as to which, see comment in *Gardner* v. *Leck,*—must be accepted as controlling as to this point. The process of construction on the house, at least, had commenced when the second mortgage was given, and the barn had been contracted for, and material for its construction had been delivered on the premises. All these claimants, excepting Fraser & Shepherd, had furnished labor or material for the construction, and

in due time their liens were perfected. Under the decisions in *Gardner* v. *Leck,* Fraser & Shepherd's case is in no respect different from that of the other claimants, although they did not commence furnishing material until a few days after the recording of the second mortgage.

5. All the mechanics' lien claimants have equal rights. There is no distinction or preference between those who contributed to the construction of the house, and those who contributed to the construction of the barn appurtenant thereto. It is not material that the contract for the construction of the barn was separate from, and made a few days after, that for the construction of the house. The case is no different from what it would have been if the owner had first contracted for the erection of the foundation walls of his house, and, while that work was in progress, had contracted for the erection of the superstructure. While there were two distinct contracts for construction, yet the whole improvements —the house and barn—were essentially an entirety, undoubtedly intended for use together, as one piece of property. Under the statute, all the lien claimants should share "without priority among themselves."

6. The rights of the parties being as above stated, it follows— applying the rule of distribution in *Malmgren* v. *Phinney,* 50 Minn. 457, (52 N. W. Rep. 915)—that upon a sale of the whole property the net proceeds, after paying the expenses of the sale, should be dealt with and distributed as follows: *First.* Take the amount of the first (Mrs. Little's) mortgage, and out of that pay first the second mortgage (that of the North Side Building & Loan Association) in full. Then apply the remainder of the amount so taken to the satisfaction, *pro tanto,* of the first mortgage. *Second.* Whatever may remain of the proceeds of the sale after taking out the amount of the first mortgage is to be applied, so far as it will go, as follows: (1) To pay the several mechanics' lien claimants pro rata, and without preference as among them; (2) to pay the balance of the first (Mrs. Little's) mortgage; and (3) whatever remainder there may be is to be paid to the owner of the property, Henry M. Little.

The judgment appealed from will be modified, under direction of the district court, so as to conform to the above rule of distribution.

It is contended on the part of the appellant Mrs. Little that, as

her mortgage is not yet due, the property should be sold, if at all, subject to her mortgage; that she is not to be required to accept payment before the maturity of her mortgage; and that the property should not be sold for, or with any reference to, the satisfaction of her mortgage debt. This might be so, if her mortgage had been recorded so as to have preserved its priority over all other liens. But having, by her own negligence, allowed the second mortgage to take precedence of her own, she cannot be sustained in the claim just stated without, in effect, giving her mortgage superiority over the second, whereas it is subordinate to that. The several mechanics' lien claimants are not only entitled presently to enforce their liens, and have the property sold for their satisfaction, but they could not wait for Mrs. Little's mortgage to mature without thereby allowing their own liens to expire by lapse of time. They cannot ask or submit to a sale of the property subject to the first mortgage, so long as the second mortgage insists upon its prior right, without subordinating their liens to that of the second mortgage, to which theirs is in fact superior. They are required to make the second mortgagee party to the action; and the latter is entitled to, and, for its own protection, must, assert its rights, superior to the first mortgage. In brief, by her own neglect to record her mortgage, Mrs. Little has rendered it necessary, for the protection of the rights of others, which rest upon that neglect, that she shall now submit to a sale of the property, in order that the proceeds may be so distributed as to protect their rights, as they exist. As this necessity arises from her own neglect, she is precluded from asserting the rights which one holding a senior lien might have.

The judgment will be modified as above indicated.

(Opinion published 56 N. W. Rep. 131.)