CITY OF ORTONVILLE v. W. G. GEER and Others.[1]

December 23, 1904.

Nos. 14,033—(90).

**Mortgage—Mechanic's Lien.**

Where the erection of a building is one continuous undertaking, without anything to suggest during the progress of the work an abandonment, a mortgage originating subsequent to the commencement of the construction is subordinate to the lien claims of all who have contributed to the completion of the structure, as held in Glass v. Freeburg, 50 Minn. 386, and Gardner v. Leck, 52 Minn. 522, which rule is approved.

[1] Reported in 101 N. W. 963.

**Record of Mortgage.**

Chapter 101, p. 224, Laws 1895, has not changed the law as laid down in Gardner v. Leck, nor modified it further than to require the recording of a mortgage executed prior to the commencement of the work to render it superior to lien claims for labor and materials.

Appeal by defendant Charles Betcher Lumber Company from a judgment of the district court for Big Stone county, entered pursuant to the findings and order of Flaherty, J. Affirmed.

*Elmer N. Morrill,* for appellant.

*Charles E. Chrisman* and *Cliff & Purcell,* for respondent.

LOVELY, J.

This action was brought by the city of Ortonville to foreclose a mechanic's lien upon a hotel building and lots in that city. Other lien claimants were made parties defendant, and the Charles Betcher Lumber Company, owners of real estate mortgages thereon, were also made defendants. The action was tried to the court, and, upon findings of fact, judgment was ordered subordinating the liens of the mortgages to those of the lien claimants, which was duly entered. The mortgagee appeals.

It appears from the findings of the court that one Geer became the owner of several lots in the city of Ortonville; that thereafter construction was commenced upon a hotel building on the premises, and work thereon continued without interruption until its completion; that during the period of such construction the materials and labor of the several lien claimants were furnished; that subsequent to the commencement of the construction of the building, and during the erection thereof, but before any of the items of the claimants here for labor or materials were furnished, three mortgages on the property were executed to the lumber company, and duly recorded. The court then finds the amount due to each lienholder, and held that their liens take precedence of the recorded mortgages, which presents the distinct point of contention in this suit.

Laws 1889, p. 313, c. 200 (G. S. 1894, c. 90) provides how liens shall be perfected, and, further, that when perfected in accordance with these sections they shall operate during the entire period of time from the furnishing of the first item of labor, skill, material, etc., until the expiration

of one year. Section 10 of this act provides that all such lien claimants shall share pro rata. In Gardner v. Leck, 52 Minn. 522, 54 N. W. 746, this statute was construed and it was held that where work has been commenced in the construction of a building, and the course of such construction is continuous until its determination, a mortgage recorded during the interim must be subordinate to all lien claimants who shall have aided and filed their liens in conformity to law until the time their rights thereunder are terminated. The reasons are very fully stated for the result reached in that decision; particular force and effect being given to the inability to prorate among lien claimants on any other ground than the adoption of the result there reached, as well as the fact that lien claimants are not required to file their claims until after the entire bill of each has accrued, whereupon all such claimants are given certain privileges and benefits as to time in filing their liens, and the manifest statutory purpose is indicated to prefer the rights of those whose labor, skill, and material enhance the value of the property involved. Gardner v. Leck, supra, was by a divided court, but followed Glass v. Freeburg, 50 Minn. 386, 52 N. W. 900, as to the relative rights of the lien claimants and mortgagees, respectively.

The same principle in this respect has been subsequently recognized in the cases of Wentworth v. Tubbs, 53 Minn. 388, 55 N. W. 543, and Miller v. Stoddard, 50 Minn. 272, 52 N. W. 895, but it is claimed for the appellant that chapter 101, p. 224, Laws 1895, which reads as follows:

> Such liens shall attach at the time of the furnishing of the first item of such labor, skill, material or machinery, and shall be preferred and be prior to any mortgage or other incumbrance of which the lien holder had no notice at the time of furnishing such first item and which mortgage or other incumbrance was unrecorded at the time such lien attached

—changes the rule as laid down in these cases, and shows a legislative purpose to subordinate lien claimants where mortgages are recorded prior to the first item furnished by any one of them, so far as his own claim is concerned. While the subject is not free from difficulty, in view of the fact that the cases referred to have established a rule of property right, as well as because of the reasons upon which they were rested, we have deemed it our duty to adhere to the same, unless by the

clearest expression of legislative intent a distinct intention to effect a change is shown.

In Miller v. Stoddard, supra, it was held that an unrecorded mortgage executed before the work began was superior to mechanics' liens, and this defect was referred to in that case in the following language: "Had the statute contained the provisions * * * that mechanic's liens shall be preferred to any mortgage or other incumbrance, of which the lien holder had no notice, and which was unrecorded at the time such liens attached, all difficulty would have been avoided." Having reference to the law as laid down in this decision, and the necessity for compelling mortgagees to record their mortgages before the work on a building is commenced, to give them effective priority over labor and material lienors, we are led to the conclusion that this was the distinctive purpose of chapter 101, p. 224, Laws 1895, for, if the legislature intended more than this, it would have been very easy to have expressed this intention, in view of what had been previously decided, by declaring that the priority of all lien claims should depend upon the time when the first item had been furnished by any one of them, without regard to the commencement of the construction on the building. We are therefore inclined to adhere to the previous decisions of the court in this respect, rather than to hold that the rule invoked by the respondent and sustained by the trial court has been changed in the respects claimed.

Judgment affirmed.