## CARR-CULLEN COMPANY v. PORTIUS C. DEMING AND OTHERS.[1]

December 7, 1928.

No. 26,827.

[1]Reported in 222 N. W. 507.

*Kelly, Berglund & Johnson,* for appellants.

*Ohman, Fryberger & Wangaard,* for respondent Carr-Cullen Company.

*Smith & Callahan, William B. Movery* and *Joseph A. Kozlak,* for respondents Deming and others.

HILTON, J.

Appeal by five defendants from an order denying a motion for a new trial.

Action to foreclose certain mechanics' liens and to have them declared to be prior to a mortgage. The trial court held that the mechanics' liens were subordinate to the mortgage. Defendant Deming was the owner of a lot in Minneapolis on which there was a one-story frame business building. It was divided into two parts, one of which was occupied by him as a real estate office and the other was occupied by Mr. Kunsch. Deming sold the property to Kunsch for $5,500, $500 of which was paid in cash and the balance secured by a purchase money mortgage dated September 1, 1925, and properly recorded on September 5, 1925. On August 31, 1925, a written agreement was entered into between Deming and Kunsch embodying the terms of the sale, in which Kunsch agreed forthwith to erect a building upon said premises in a manner described therein and to rent one-half thereof to Deming for a period of five years at $30 per month. Kunsch sold the old building on the lot to one Anderson for $50, he (Anderson) to wreck the same and remove the material and débris therefrom. This work was started on September 2 and was finished on September 5. Kunsch also hired Anderson to make the excavation necessary for the new building, for which he was to receive 70 cents a cubic yard. The excavation work did not begin until September 7.

The court found the facts substantially as above set forth and that the work of excavation begun by Anderson on September 7 was the first actual and visible beginning of improvements on said premises and that prior thereto there was no work done or material

furnished on the premises where the building was to be constructed.

But one question is here involved: Shall the purchase money mortgage or the mechanics' liens have precedence? The court found, as indicated by its order and as specifically stated in its memorandum, that the agreement entered into between Anderson and Kunsch as to the sale, wrecking and removing of the building was not so linked with the contract for excavating as to make one contract; in other words, that there were two contracts. The court stated, and with this we agree, that the burden of showing that the agreement was one which would make the mechanics' liens prior to the mortgage rested upon said lienholders.

■ G. S. 1923, § 8494, relating to mechanics' liens, provides as follows:

"All such liens, as against the owner of the land, shall attach and take effect from the time the first item of material or labor is furnished upon the premises for the beginning of the improvement, and shall be preferred to any mortgage or other encumbrance not then of record, unless the lienholder had actual notice thereof. As against a bona fide purchaser, mortgagee or encumbrancer without notice, however, no lien shall attach prior to the actual and visible beginning of the improvement on the ground."

The lower court held that the work of wrecking the old building and removing it and the débris from the premises was not an "actual and visible beginning of the improvement on the ground." This holding was correct. Lamoreaux v. Andersch, 128 Minn. 261, 150 N. W. 908, L. R. A. 1915D, 204. The situation is no different than it would have been had someone other than Anderson secured the excavating contract and done the work thereunder. The work done by Anderson on September 2 to September 5, inclusive, was not of a lienable nature. He was simply removing his own building from the premises. Mechanic's lien claimants cannot rely on the fact that this building removal work was in progress before the Deming mortgage was recorded to establish a preference over such mortgage.

■ Deming was a bona fide mortgagee "without notice," and hence none of the liens here involved could attach and be prior to his mortgage. The mere knowledge by Deming that the erection of a new building upon the lot was in contemplation did not constitute the notice provided for in the statute. The words "without notice" mean "without notice of an existing lien." Landers-Morrison-Christenson Co. v. Ambassador Holding Co. 171 Minn. 445, 448, 214 N. W. 503, 53 A. L. R. 573; Erickson v. Ireland, 134 Minn. 156, 158 N. W. 918. These decisions are controlling. The findings of the trial court are sufficiently sustained by the evidence and must stand.

Order affirmed.

