## C. N. RUEDLINGER v. B. F. FISHER AND OTHERS.[1]

October 10, 1924.

No. 24,083.

**Improvement on real estate made with consent of vendor.**

1. In view of the statutory presumption that improvements on real estate, subject to an executory contract of sale, are made with the knowledge and consent of the owner of the legal title, the circumstances of this case justify the finding that appellant consented to the improvements in question.

**Objection not made in trial court unavailable on appeal.**

2. The claim that the lien claimants demanded in their lien statements more than is justly due, in violation of section 7085, G. S. 1913, was not made an issue by the pleadings or urged in the trial. The absence of a finding thereon was not challenged even by the notice of the motion for a new trial. It is therefore too late to raise the question on appeal.

Action in the district court for Hennepin county to foreclose mechanics' liens. The case was tried before Leary, J., who denied defendant Peebles Company's motions to dismiss the action, made findings and ordered judgment in favor of the lien claimants. From an order denying its motion or a new trial, Thomas Peebles & Company appealed. Affirmed.

*Edwin S. Slater*, for appellant.

*George Beaverson*, for respondents.

STONE, J.

The findings in favor of claimants in this action to foreclose certain mechanics' liens are attacked upon two grounds, the first of which is that the work was done and material furnished without appellant's knowledge or consent. The real estate in question is a small residence property. It was sold by appellant in August, 1920.

[1]Reported in 200 N. W. 299.

The grading and surfacing of the lot had not been done. In that respect, the condition of the place at the time of its sale was such as to warrant the conclusion that the purchaser immediately might cause to be done the work of grading and surfacing for which the liens in question are claimed. Appellant is engaged in the erection of dwelling houses for immediate sale, and in the immediate locality of the residence. in question had considerable of that work under way during the times now under consideration.

The lien claimants did their work under contracts with one Fisher, the assignee of appellant's vendee. There is no evidence that he or any one else gave appellant express notice that the work was being done. There is no direct contradiction of the testimony of appellant's president and secretary that they had no knowledge of the work. The vice president of the appellant had no active connection with its management, and the fact that she was not called as a witness is probably not material one way or the other.

However, in view of the presumption existing under the statute (G. S. 1913, § 7074), as construed in Wheaton v. Berg, 50 Minn. 525, 52 N. W. 926, and subsequent cases, that the improvement was made with the knowledge and consent of appellant, the vendor and· the owner of the legal title, we cannot disturb the finding on this point in favor of respondent. The circumstance that the property when sold needed and undoubtedly soon would receive the very improvement in question, and the further fact that appellant had other work of the same kind going on in the neighborhood, are sufficiently persuasive in support of the presumption, so that we cannot say that the testimony for appellant should have been given controlling weight.

The next claim is that respondents "knowingly demanded" in their lien statements "more than is justly due," contrary to section 7085, G. S. 1913. It is sufficient to say that this issue was not presented by the pleadings, nor, so far as the record shows, was it urged at the trial. No finding was asked for and the notice of motion for a new trial does not specifically take exception to the absence of a definite finding concerning it. The record is controlling, and, be-

cause it does not show that this issue was presented to the trial court, it is not open for consideration here.

Order affirmed.