# WALTER J. ULSTRUCK v. HOME ASSOCIATION AND OTHERS.[1]

February 19, 1926.

No. 24,844.

**When lien for materials takes precedence over recorded mortgage.**

1. A mechanic's lien for materials necessary to complete an improvement attaches as of the time there is actual and visible beginning of the improvement on the ground. Such lien for materials furnished after the record of a mortgage given subsequent to the beginning of the improvement takes precedence over the mortgage.

**When fixtures are lienable.**

2. As between the materialman and the owner of the improvement, fixtures attached to the real estate are lienable.

**Defense that statement claims more than justly due must be raised by answer or at trial.**

3. In order to defeat a lien because the statement filed claims more than justly due, such issue must be raised by the answer or in the course of the trial.

Mechanics Liens, 27 Cyc. pp. 37 n. 75; 203 n. 6; 216 n. 97; 246 n. 89. Mortgages, 27 Cyc. p. 1172 n. 47.

Action in the district court for Chippewa county to foreclose a mechanic's lien. The case was tried before Qvale, J., who ordered judgment in favor of plaintiff. William F. Kunze, as receiver of Home Association, owner, and the Marquette Trust Company, mortgagee, appealed from an order denying their motion for a new trial. Affirmed.

*Jesse Van Valkenburg*, for appellants.

*C. A. Fosnes* and *John C. Haave*, for respondent.

HOLT, J.

Action to foreclose a mechanic's lien wherein two liens were estab-

[1]Reported in 207 N. W. 324.

lished. The owner and the mortgagee appeal from the order denying their motion for modified findings or a new trial.

The contracts for the work performed by the lien claimants were made with the defendant The Home Association. The association appears to have begun the construction of a large building on lots it owned. While the work was in progress, it got into financial stress and proceedings were had in the Federal court, with the result that a receiver was appointed to take charge of its property. A consent decree was thereafter entered, under which the property was returned to the association, and it gave two mortgages, a first mortgage of $50,000 and a second of $20,000, both recorded on February 20, 1923. Plaintiff's work was begun before the mortgages were filed for record, but the court found that he had actual knowledge of the first mortgage, which was executed January 29, and his lien was made subject to that mortgage and prior to the second mortgage. The other lien was declared prior to both mortgages, though the work was done after February 20, 1923.

Although the record shows a notice of appeal by plaintiff, there are no assignments of error raising any objection on his part to the findings of fact or conclusions of law, so it is not necessary to consider whether or not his lien should have priority over the first mortgage. As to the claimants of the other lien, it appears that the materials furnished were necessary to the completion of the building, an improvement, work upon which had been begun long prior to the execution of either mortgage. This justified the giving of priority of the lien over the mortgages under the language of G. S. 1923, § 494; City of Ortonville v. Geer, 93 Minn. 501, 101 N. W. 963, 106 Am. St. 445. The case of Erickson v. Ireland, 134 Minn. 156, 158 N. W. 918, is neither controlling nor in point, for there the mortgage was recorded before any "visible beginning of the improvement." Plaintiff's lien was held prior to the second mortgage because he had no actual notice thereof. It was held subordinate to the first mortgage because he had actual notice, he having agreed to receive and having received $1,535.45, the contract price for the work, from the proceeds of that mortgage. The amount allowed

him as a lien was for extras furnished at the request of the association, in addition to the contract.

Another point raised is that the lien statement contained nonlienable items and the proof was insufficient to segregate and fix the reasonable value for the lienable. The court eliminated the telephones and their cost appeared. But it is claimed that electric lamps and other fixtures attached to the building should have been held nonlienable, and, if so held, there being no evidence to show the value of the remainder, the lien must fail. We think the court right in ruling that, as between the lien claimant and the owner who directed the attachment of electric lamps and other fixtures to the building, the same became part of the improvement and lienable. It is entirely different from the attachment by a tenant of trade fixtures, for the furnishing of which no lien can be obtained upon the landlord's title. Therefore the inapplicability is obvious of the cases upon which appellant relies, viz.: White E. R. Co. v. Kruse, 121 Minn. 479, 140 N. W. 114; Pittsburgh P. G. Co. v. Brown, 152 Minn. 325, 188 N. W. 569; Brown v. W. W. Heffelfinger Realty Co. 159 Minn. 182, 198 N. W. 424.

The contention is also made that plaintiff forfeited his right to a lien under G. S. 1923, § 8558, because he "knowingly demanded in such statement more than is justly due." No such defense was pleaded and no finding was asked thereon. Ruedlinger v. Fisher, 160 Minn. 324, 200 N. W. 299, disposes of the contention adversely to appellants.

The order is affirmed.