SIMONSON CASHWAY COMPANY,
INC., Respondent,

v.

MERICKEL CONSTRUCTION CO.,
INC., et al., Defendants,

David Skaja, et al.,
Intervening Defendants,

v.

James G. BOUTIN and Diane M. Boutin,
d/b/a Boutin Plumbing & Heating, and
Richard Kampa d/b/a Richard Kampa
Construction, Appellants.

No. C6–86–64.

Court of Appeals of Minnesota.

Aug. 12, 1986.

Gordon H. Hansmeier, St. Cloud, for respondent.

John R. Koch, St. Cloud, for appellants.

Heard, considered and decided by FORSBERG, P.J., and SEDGWICK, and RANDALL, JJ.

## OPINION

RANDALL, Judge.

This is a mechanics' lien foreclosure action by Boutin Plumbing & Heating (Boutin) and Richard Kampa Construction (Kampa) involving real estate owned initially by Merickel Construction Company (Merickel) but purchased during the litigation by respondent Simonson Cashway Company (Simonson), itself a contractor with a mechanic's lien foreclosure action. That purchase merged the interests of Simonson and Merickel. The trial court granted summary judgment in favor of Simonson, thereby preventing enforcement of appellants' mechanics' liens. We reverse and remand.

## FACTS

Merickel contracted to sell Sundance Construction Company (Sundance) twelve lots that Merickel owned. Sundance signed a purchase agreement to sell one of those lots to Lloyd Ballman. Sundance agreed to build a house on that lot and contracted with various subcontractors to do the work. Sundance could not deliver marketable title to Ballman and the Sundance/Ballman purchase agreement, by its terms, became null and void.[1] However, before the purchase agreement fell through, the "Ballman house" was erected and included materials supplied by Simonson, Boutin, Kampa, and other suppliers.

Simonson, which supplied materials to the home, began a mechanics lien foreclosure against Merickel, then the fee owner of the subject property; Ballman, "purchaser" of the subject property; and Sundance, the general contractor for construction of the Ballman home on the subject property. In that action, Boutin, Kampa, and others timely intervened and that intervention is not at issue on appeal.

At a pre-trial hearing, Sundance's attorney failed to appear. Pursuant to Simonson's motion, Sundance's answer was stricken and summary judgment entered against Sundance. The trial court also dismissed Sundance's cross claim against Merickel. During the pendency of this litigation, Simonson purchased Merickel's interest in the subject property and became the real party in interest.

Simonson settled with Ballman. The trial court dismissed that action with prejudice. Simonson also settled with some of the contractors but not with Boutin and Kampa. Simonson moved by summary judgment for dismissal of the mechanics lien claims of Boutin and Kampa on the grounds that, although Boutin and Kampa had filed mechanics liens, they did not comply with the pre-lien notice statute, Minn. Stat. § 514.011 (1984). Simonson claimed that it owned the property free of the mechanics' liens. Boutin and Kampa took the position that, as a matter of law, no pre-lien notices were required. The trial court granted Simonson's motion for summary

---

1. Ballman and Sundance had signed a purchase agreement wherein Sundance agreed to transfer marketable title to Ballman within 120 days.

judgment and Boutin and Kampa appeal. *See* Minn.R.Civ.App.P. 103.03(a).

## ISSUE

Did the trial court properly grant Simonson's summary judgment motion against Boutin and Kampa? At the various stages of the proceeding, were Sundance, Ballman, and Merickel "owners" of the subject property and thus entitled to pre-lien notice, under Minn.Stat. § 514.011, subd. 2, before subcontractors such as Boutin and Kampa could properly maintain a mechanics lien foreclosure action?

## ANALYSIS

■ Summary judgment

shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to judgment as a matter of law.

Minn.R.Civ.P. 56.03. The moving party has the burden of proof and the non-moving party has the benefit of that view of the evidence most favorable to him. *Nord v. Herreid,* 305 N.W.2d 337, 339 (Minn. 1981). All doubts and inferences must be made in favor of the non-moving party. The court's function is not to decide issues of fact, but to determine whether there are issues to be tried. *Id.* at 339.

Without any findings or memorandum, the trial court granted summary judgment in favor of Simonson, in effect finding that the mechanics lien claims of Boutin and Kampa were fatally defective under Minn. Stat. § 514.011, subd. 2. Boutin and Kampa argue that summary judgment was improper. Appellants claim that, based on the facts, neither Merickel, Sundance or Ballman were entitled to pre-lien notice, or at least substantial and genuine issues of fact exist as to who is an owner.

First of all, we note that Simonson takes no position as to whether Sundance was ever owed pre-lien notice. Simonson claims that even if Sundance was not owed a pre-lien notice, Ballman and Merickel (Si-monson's predecessor in interest) *were.* The dispute arises over interpreting the definition of "owner" in Minn.Stat. § 514.-011, subd. 5 (1984).

■ Subcontractors must give pre-lien notice to "owners" of property. Minn.Stat. § 514.011, subd. 2. The statute excepts from the notice requirement only subcontractors under direct contract with the "owner." *Id.* The pertinent parts of Minn. Stat. § 514.011 are:

> Every person who contributes to the improvement of real property so as to be entitled to a lien pursuant to section 514.-01, *except a party under direct contract with the owner* must, as a necessary prerequisite to the validity of any claim or lien, cause to be given to the owner or his authorized agent, either by personal delivery or by certified mail, not later than 45 days after the lien claimant has first furnished labor, skill or materials for the improvement, a written notice in at least 10-point bold type, if printed, or in capital letters, if typewritten, which shall state:
>
> "Please take notice that persons or companies furnishing labor or materials for the improvement of real property may enforce a lien upon the improved land if they are not paid for their contributions, even if the parties have no direct contractual relationship with the owner. * * ".

Minn.Stat. § 514.011, subd. 2 (1982).

> For the purposes of this section, "owner" means the owner of any legal or equitable interest in real property whose interest in the property (1) is known to one who contributes to the improvement of the real property, *or* (2) has been recorded or filed for record if registered land, and who enters into a contract for the improvement of the real property.

*Id.,* subd. 5 (emphasis added).

■ First of all, as to Ballman, the lack of pre-lien notice is irrelevant. Prior to the summary judgment dismissing Boutin and Kampa's claim, Ballman had backed out of an unrecorded purchase agreement with

Sundance because Sundance could not provide marketable title. That agreement became null and void. The trial court accordingly dismissed Sundance's cross-claim against Ballman. At the time of litigation, Ballman claimed no interest in the property.

Sundance was not entitled to pre-lien notice for several reasons. First, there is a specific exception for owners who are also contractors like Sundance. *See* Minn. Stat. § 514.011, subd. 4a ("The notice required by this section shall not be required to be given where the contractor is managed or controlled by substantially the same persons who manage or control the owner of the improved real estate.").

Normally, when the exception does not apply, a subcontractor is required to give notice to the same owners as is the general contractor. Sundance could not be required to give notice to itself. *See Nor-Son, Inc. v. Nordell,* 369 N.W.2d 575, 577 (Minn.Ct.App.), *pet. for rev. denied,* (Minn. Sept. 13, 1985). Further, Boutin and Kampa at one point were under direct contract with Sundance and thus not required to give pre-lien notice under Minn.Stat. § 514.011, subd. 2.

The closest question is whether Merickel was entitled to pre-lien notice. Depending on the terms of the contract between Merickel and Sundance wherein Merickel agreed to sell Sundance twelve lots, Boutin and Kampa may have been required to give Merickel pre-lien notice. However, *that contract was not made part of the record.* If one of the terms of the sale from Merickel to Sundance was that Sundance would build a house on the subject lot so as to help complete Merickel's subdivision, Merickel could be construed to be an owner contracting for an improvement to real property. If there was such a contract, arguably pursuant to Minn.Stat. § 514.011, subd. 5, Merickel was entitled to pre-lien notice. However, facts supporting that claim are not of record and thus not reviewable on appeal.

In reviewing the totality of what sparse record there is, we are left with a conclusion that the trial court erred in granting Simonson's motion for summary judgment against Boutin and Kampa. Not only is it not clear that Boutin and Kampa were required to give pre-lien notice to Ballman and Sundance, but given the state of the record, the law supports the contrary conclusion that Boutin and Kampa were not required to give pre-lien notice. We do not address the specific merits of Boutin and Kampa's claim that they did not have to give pre-lien notice to Merickel because we remand for trial. We merely note that the record cannot support summary judgment against appellants.

Whether Simonson can prevail at a trial on the merits as to its claim that Merickel, its predecessor in interest, was entitled to pre-lien notice as an owner depends upon the terms of written documents not before us. There are genuine issues of material fact concerning the relationship between Merickel and Sundance, and summary judgment is inappropriate.

## DECISION

The trial court erred in ruling that, as a matter of law, the mechanics lien claims of appellant subcontractors were fatally defective for failure to file pre-lien notices. Genuine issues of material fact exist on the question of whether Merickel Construction Company was ever an owner entitled to pre-lien notice.

We reverse and remand for trial on the merits of appellants' mechanics lien claims.