**JOHN DAVID CONTRACTING, INC., Respondent,**

v.

**Peter M. BROZEK, et al., Appellants.**

No. C8-95-560.

Court of Appeals of Minnesota.

Aug. 8, 1995.

Seldon H. Caswell, Caswell & Associates, P.A., Oakdale, for appellants.

John J. Todd, Brenner & Glassman, Ltd., Minneapolis, for respondent.

Considered and decided by KALITOWSKI, P.J., TOUSSAINT, C.J., and CRIPPEN, J.

## OPINION

KALITOWSKI, Judge.

Appellants Peter and Dubravka Brozek contend the district court erred in finding their construction contract with respondent John David Contracting was an open end credit plan under Minn.Stat. § 334.16(1)(b) (1992) thereby entitling respondent to charge more than the maximum interest rate allowed by Minn.Stat. § 334.01.

## FACTS

In May 1992, appellants entered into a contract with respondent to do construction work on their home. In September 1993, respondent filed a complaint against appellants seeking execution of its mechanics' lien against appellants for the outstanding amount on the contract along with interest and attorney fees.

The district court awarded respondent summary judgment in the amount of $14,760 together with interest at the rate of 15 percent annually and attorney fees. Appellants filed a motion for new trial, challenging the district court's determination that they had breached the contract and contending the district court erred in determining the interest rate to be applied to the judgment. The district court denied appellants' motion. On appeal the only issue before this court is whether the district court properly determined the interest rate to be applied to the judgment.

## ISSUE

Is the contract an open end credit agreement under Minn.Stat. § 334.16(1)(b)?

## ANALYSIS

The construction and effect of a contract are questions of law. *Turner v. Alpha Phi Sorority House*, 276 N.W.2d 63, 66 (Minn.1979).

The construction contract between appellants and respondent provides:

Attorneys' Fees and Costs. If payment is not made in accordance with this Agreement, owner agrees to pay reasonable attorneys fees and costs incurred by contractor in enforcing its rights, and interest shall accrue on the unpaid balance at the maximum rate authorized by law not to exceed 15%.

The district court applied an interest rate of 15 percent to the unpaid balance on the lien, based on the limitation set out in the contract. Minn.Stat. § 514.135 (1992) provides, however:

Except as otherwise provided by contract, interest awarded on mechanics' lien claims shall be calculated at the legal rate, as provided in section 334.01.

Minn.Stat. § 334.01 (1992) provides a maximum interest rate of eight percent for legal indebtedness. *See Miller v. Colortyme, Inc.,* 518 N.W.2d 544, 550 n. 7 (Minn.1994) (section 334.01 permits interest rate of eight percent if in writing). Thus, unless the mechanics' lien in this case falls within an exception to section 334.01, the applicable interest rate is eight percent.

The district court determined that the exception for open end credit plans, which allows a maximum interest rate of 18 percent, applies here. This exception applies if:

(a) the sale is a consumer credit sale pursuant to an open end credit plan, agreement or arrangement between the buyer and seller under which (1) the seller may permit the buyer to make purchases from time to time from the seller or other sellers, (2) the buyer has the privilege of paying the balance in full or in installments, and (3) a finance charge may be computed by the seller from time to time on an outstanding unpaid balance.

Minn.Stat. § 334.16, subd. 1(a)–(b). Minnesota has adopted the definition of an open end credit plan set out in the federal Truth-in-Lending Act, which states:

The term "open end credit plan" means a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance.

*Id.,* subd. 2; 15 U.S.C. § 1602(i) (1988). *See also Goldman v. First Nat'l Bank of Chicago,* 532 F.2d 10, 17 n. 11 (7th Cir.1976) (open end credit plan is one in which credit terms initially established with opening of account, but no fixed amount of debt is incurred at that time), *cert. denied,* 429 U.S. 870, 97 S.Ct. 183, 50 L.Ed.2d 150 (1976).

Appellants contend their construction contract with respondent was not an open end credit plan within the definition of the Truth-in-Lending Act. We agree.

The construction contract here had a specific price set out in its original form, which was only amended once. *See Wise Furniture v. Dehning,* 343 N.W.2d 26, 29 (Minn. 1984) (amount of debt being fixed at time of purchase implies closed end credit transaction). The contract did not provide for the carrying forward of any balance due on previous contracts. *Id.* (carrying a balance resembles a revolving charge). Further, the credit was not extended to appellants on an ongoing basis. *See American Accounts & Advisers v. Hendrickson,* 460 N.W.2d 83, 85 (Minn.App.1990) (credit for services from funeral home closed end credit transaction; funeral home not a seller that anticipates *"repeated transactions"* nor one to offer the buyer future purchases from *"time to time"*) (emphasis in original).

Here, the construction contract between appellants and respondent did not contain the characteristics of an open end credit transaction, nor did it state a particular interest rate. Therefore we conclude the district court erred in applying the 15 percent interest rate to the mechanics' lien. The proper interest rate to be applied to the mechanics' lien is eight percent pursuant to Minn.Stat. § 334.01. *See, e.g., Lyman Lumber v. Cornerstone Constr.,* 487 N.W.2d 251, 255 (Minn.App.1992), *pet. for rev. denied* (Minn. Aug. 4, 1992) (section 334.01 applied where homeowner not a party to the construction contract); *Northwest Wholesale Lumber v. Citadel Co.,* 457 N.W.2d 244, 250 (Minn.App.1990) (section 334.01 rate applied to mechanics' lien on construction contract with no stated interest rate).

Respondent seeks attorney fees pursuant to Minn.Stat. § 549.21 (1994). Because appellant did not act in bad faith or assert a frivolous claim, we deny respondent's request.

## DECISION

The construction contract between appellants and respondent is not an open end credit transaction. Pursuant to Minn.Stat. § 334.01, the proper interest rate to be applied to the mechanics' lien is eight percent. We reverse the district court and remand for application of the proper interest rate.

**Reversed and remanded.**